## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

CASE NO.  12-08162-JAF

**LOUISE B. WHITTEN**

    **Debtor.**

_____/

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date this paper is entered on the docket.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on Eugene H. Johnson, Esq., Johnson Law Firm, P.A., 300 West Adams Street, Suite 400, Jacksonville, FL 32202; Gregory K. Crews, Chapter 7 Trustee, 8584 Arlington Expressway, Jacksonville, FL 32211; and U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, FL 32801.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

### TRUSTEE'S NOTICE OF PRIVATE SALE

PLEASE TAKE NOTICE that, pursuant to 11 U.S.C. §363(b), Federal Rule of Bankruptcy Procedure 6004, and M.D. FLA. L.B.R. 2002-4 and 6004-1, the Trustee will sell at private sale to the Debtor, the Bankruptcy Estate's interest in the following property: 2007 Toyota Avalon – Vin No. 4T1BK36BX7U204672 with 47,000 miles (the "Vehicle"), for the sum of $13,000.00.

Debtor listed the value of the Vehicle on her Schedule B at $19,207.00.  Debtor claimed the following exemptions in the Vehicle: (i) $1,000.00 pursuant to Fla. Stat §222.25(1) and (ii) $20.00 pursuant to Fla. Const. Art. X, § 4(a)(2).

Schedule D of the Debtor's Petition lists Ms. Janice Bell as having a "Lien on Vehicle" in the amount of $16,000.00. The Trustee's investigation revealed that on or about October 6, 2011, Debtor executed and delivered to Stewart Wayne Bell, a Promissory Note in the original principal amount of $16,000.00. Upon information and belief, the alleged original lien holder, Stewart Wayne Bell, passed away on or about January 20, 2012. Ms. Bell, in her capacity as Personal Representative, was appointed as Personal Representative of the Estate of Stewart Wayne Bell. Ms. Bell is the sole beneficiary under the Last Will and Testament of Stewart Wayne Bell dated January 6, 1977. The Will was admitted to Probate in the matter captioned as *In re: Stewart Wayne Bell*, Case No. 12-170, Chesterfield County, Virginia Circuit Court, Probate Division. Ms. Bell, individually and/or the Estate of Stewart Wayne Bell is the owner and holder of the Note and purported lien. Public records maintained by the Florida Department of Highway Safety and Motor Vehicles indicates that there is one, "private individual" as lienholder on the vehicle.

Notwithstanding the Public Records, and Debtor's representations on her Schedule D, there does not exist a valid security interest in the Vehicle. Specifically, the Note does not contain language creating a valid security interest in the Vehicle, nor did Debtor execute any other documents creating a valid security interest in the Vehicle. Accordingly, on March 8, 2013, the Trustee filed an adversary proceeding captioned as *Gregory K. Crews, Trustee v. Janice Flagler Bell, individually and in her capacity as Personal Representative of the Estate of Stewart Wayne Bell*, Adv. P. No. 3:13-ap-00101-JAF, in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Adversary"). The Adversary complaint alleges that Stewart Wayne Bell failed to satisfy the conditions of Florida Statute § 679.2031 and that the lien is void and unenforceable as a matter of law. *See In re Dunlap*, 2006

Bankr. Lexis 837 (Bankr. M.D. Fla. 2006).  Defendants in the adversary proceeding failed to answer, plead or otherwise move against the complaint. Consequently, the Court entered a Final Judgment on April 26, 2013, against Janice Flagel Bell, individually and in her capacity as Personal Representative of the Estate of Stewart Wayne Bell, finding that their respective interests were subordinate to the Trustee's and same were void pursuant to Section 544 of the United States Bankruptcy Code.

The Trustee has agreed to sell to private sale to the Debtor, her interest in the Vehicle for the sum of $13,000.00, payable in one (1) lump sum, within 30 days this paper is entered on the docket.  Said payment shall be with certified funds payable to Gregory K. Crews, Trustee and addressed to Gregory K. Crews, Trustee, 8584 Arlington Expressway, Jacksonville, FL 32211.

Due to the costs involved in liquidating said asset and the uncertainty associated with public auction, the Trustee has agreed to accept the above sum from the Debtor to "buy-out" any non-exempt equity in said asset, subject to notice and objections to parties in interest.

The assets are being sold "as-is" and subject to all other liens and encumbrances of record, if any.  The proceeds of the sale shall become property of the estate and distributed according to the Bankruptcy Code.

The trustee will entertain higher bids for the purchase of the personal property described above. Such bids must be in writing and accompanied by a deposit of 100% of the proposed higher purchase price. Any higher bid must be received by Eugene H. Johnson, Esq., attorney for the Trustee, at the address listed below no later than the close of business of the twenty-first (21st) day from the date of mailing as indicated below.  If a higher bid is received, a telephone auction will occur among the bidders and debtor on the earliest date the trustee can arrange such auction.

JOHNSON LAW FIRM, P.A.                    PETER C. BLINN, P.A.


Eugene H. Johnson, Esq. (0032105)         Peter Blinn, Esq. (319619)
300 W. Adams Street, Ste. 400             1800 SE 17th St. Bldg. 400
Jacksonville, FL 32202                    Ocala, FL. 34471
(904) 652-2400                            352-351-3000
(904) 652-2401 Facsimile                  352-369-4006 Facsimile
ehj@johnsonlawpa.com                      bkinfo@peterblinn.com

*Counsel for Trustee*                     *Counsel for Debtor*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this _2nd_ day of _May_, 2013, to:

Peter C. Blinn, Debtor's Counsel

Louise B. Whitten
P.O. Box 65
Homosassa Springs, FL 34447

Janice Flagler Bell
14011 Harbor Point Road
Midlothian, VA 23112

Janice Flagler Bell,
as Personal Representative of the Estate of Stewart Wayne Bell
14011 Harbor Point Road
Midlothian, VA 23112

and all parties on the attached mailing matrix.

                                        */s/ Eugene H. Johnson*
                                        Attorney